# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-30217
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Wilson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CV-973
USDC No. 2:21-CR-268-1

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Paul Wilson, federal prisoner # 01510-510, filed a 28 U.S.C. § 2255 motion challenging his conviction for possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). He argued that § 922(g)(1) was unconstitutional following *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Because Wilson did not raise this issue on direct appeal,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30217

the district court denied his motion as procedurally barred and in the alternative on the merits, but it later granted a certificate of appealability.

When a defendant fails to raise a claim on direct review, he may not raise it for the first time in a § 2255 motion unless he shows cause for his procedural default and actual prejudice resulting from the alleged violation or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Wilson does not allege cause for his procedural default. To the extent that he argues his actual innocence, his claim is not predicated on "new evidence" contemplated under the actual-innocence standard. *See United States v. Vargas-Soto*, 35 F.4th 979, 999 (5th Cir. 2022). Because we affirm the district court's denial on procedural default grounds, we do not address the district court's alternative denial on the merits. *See United States v. Jackson*, 27 F.4th 1088, 1091 (5th Cir. 2022).

The district court's denial of Wilson's § 2255 motion is AFFIRMED. His motion for appointment of counsel is DENIED.